UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTHONY ROUNDTREE,

        Plaintiff,

    -v-                                  10-CV-0828A(F)
**ORDER**

RICKY BARTLETT, Superintendent,
LARRY CASLIN, Senior Parole Officer,
KEN GILBERT, Acting Area Supervisor,
NEW YORK STATE DIVISION OF PAROLE,

        Defendants.



---

### INTRODUCTION

Plaintiff, Anthony Roundtree, an inmate of the Watertown Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Shortly after filing the complaint, plaintiff filed what was docketed as a "supplemental complaint." (Docket No. 3). The supplemental complaint sets forth a claim against defendant Ricky Bartlett, Superintendent ("Bartlett"), who was a defendant named in the initial complaint but who plaintiff failed to include any specific claims against in the initial complaint. The operative pleading in this matter, therefore, is the complaint and supplemental complaint.

Plaintiff claims that the defendants, Bartlett, Larry Caslin, Senior Parole Officer ("Caslin"), Ken Gilbert, Acting Area

Supervisor of Parole ("Gilbert"), and the New York State Division of Parole (collectively, "defendants") violated his rights when they removed plaintiff from the Willard Drug Treatment Progam ("Willard") and "recycled or rescinded his discharge date" without due process. (Docket No. 1, Complaint, ¶ ¶ 5A, First Claim, and 5A, Second Claim, at 5-6; Docket No. 3, Supplemental Complaint, Third Claim, at 5-6). He seeks $1.2 million in damages.[1] For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the complaint and supplemental complaint are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and has filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See* Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). While

---

[1] The Court notes that plaintiff has also filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in which he claims that the Willard Program's Evaluation Committee ("ERC") improperly modified and extended his "sentence" on his parole violation without due process and that the ERC's decision adding seven weeks of drug treatment violated his constitutional rights. Roundtree v. Bartlett, 10-CV-0633A.

2

"a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *See* McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Wynder v. McMahon, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Padus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *see also* Boykin v. Keycorp, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after Twombly; "even after Twombly, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." ). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Abbas v. Dixon, 480 F.3d 636, 639 (quoting Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person

acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Whalen v. County of Fulton, 126 F.3d 400, 405 (2d. Cir. 1997) (citing Eagleston v. Guido, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

### A. PLAINTIFF'S CLAIMS

As best the Court can discern, the gravamen of plaintiff's complaint is that in June 2010, defendants "recycled" him through Willard, thereby rescinding his discharge date, and later removed him from the Program at Willard in August 2010 without due process. Willard is a drug treatment program for parolees and can be used as an alternative to incarceration for parole violators. Plaintiff pled guilty to a parole violation and agreed to serve 90 days at Willard. In August 2010, plaintiff was referred to the Evaluation Review Committee ("ERC") based on five "failed evaluations," following which he was removed from Willard by defendant Caslin, Chairman of the ERC. (Docket No. 1, Complaint, ¶¶ 3-5 of additional page attached to Complaint). Plaintiff claims he had a liberty interest in remaining in or at the Willard Drug Treatment Program/Facility and was not provided with written notice of why he

was being removed from Willard or what review process was available to him. *Id.*, ¶ 4.

In a similar case filed in this Court, United States Magistrate Judge Hugh B. Scott held that there was no liberty interest in remaining in Willard's Drug Treatment Program. <u>Marsh v. Bellinger, et al.</u>, 06-CV-0464Sc (Consent), 2009 WL 3429775, at *7 (W.D.N.Y., Oct. 19, 2009) (citing <u>Montayne v. Haymes</u>, 427 U.S. 236, 242 (1976). In <u>Marsh</u>, plaintiff alleged, in part, that the former Superintendent at Willard and the Area Supervision Parole Officer removed plaintiff from Willard on a parole warrant for fighting/violent conduct and failed to investigate the charge. Marsh, like the plaintiff herein, as part of a plea agreement to a parole violation, agreed to enter the Willard Drug Treatment Program, was given negative evaluations while at Willard, was ordered to repeat ("recycle") the Program and was later removed from the Program. <u>Marsh</u>, 2009 WL 3429775, at *1.

Marsh claimed that defendants violated his rights to due process when they wrongfully removed him from Willard. On defendants' motion for summary judgment, Magistrate Judge Scott found that plaintiff "had no liberty interest in remaining in Willard or being housed at a particular facility . . . " and dismissed the due process claims. *Id.*, 2009 WL 3429775, at *7 (citing <u>Montayne</u>, 427 U.S. at 242).

The instant case is indistinguishable from Marsh and the Court finds Magistrate Judge Scott's reasoning and holding sound. Plaintiff claims that he was removed from the Program without due process--*i.e.*, notice. Because plaintiff had no liberty interest in remaining at Willard his due process claim must fail. Accordingly, plaintiff's complaint and supplemental complaint fail to state a claim upon which relief can be granted and must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A. Leave to amend the complaint and supplemental complaint are denied. Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009) ("Generally, a district court has discretion to deny leave [to amend] for good reason, including futility . . .").

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee. Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint and supplemental complaint are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint and supplemental complaint are dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

                                                  s/ Michael A. Telesca
                                                  MICHAEL A. TELESCA
                                                 United States District Judge

Dated:    Rochester, New York
             February 9, 2011